# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# SOUTHWESTERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA**, | |
| Plaintiff, | |
| v. | **Case No. 21-05003-04-CR-SW-MDH** |
| **RITA M. GLASGOW**, | |
| Defendant. | |

## GOVERNMENT'S SENTENCING MEMORANDUM

The United States of America, by and through Teresa A. Moore, United States Attorney for the Western District of Missouri, and Jessica R. Eatmon, Assistant United States Attorney, respectfully submits this sentencing memorandum in the above-captioned matter, set for a sentencing hearing on June 8, 2023. For the reasons set forth below, the Government recommends that this Court sentence the defendant to a term of imprisonment of 120 months. The Government further requests that this sentence run concurrent with the sentences imposed in Newton County Circuit Court case number 20NW-CR00420-01 and Jasper County Circuit Court case number 21AO-CR00021-01, and consecutive to the sentence imposed in Jasper County Circuit Court case number 17AP-CR01152-01.

## I. BACKGROUND

On February 22, 2023, the defendant, Rita M. Glasgow, pleaded guilty before Chief U.S. Magistrate Judge David P. Rush to Count 1 of the Indictment, charging her with a violation of Title 21, United States Code, Sections 846 and 841(a)(1) and (b)(1)(A), that is, conspiracy to distribute 50 grams or more of methamphetamine (actual). This Court accepted the defendant's

plea of guilty on March 9, 2023, and the final Presentence Investigation Report ("PSR") was filed on May 26, 2020. (Doc. 135, PSR.)

## II. <u>LEGAL STANDARD</u>

Although the Sentencing Guidelines are no longer mandatory, *United States v. Booker*, 543 U.S. 220 (2005), sentencing still begins with a properly calculated advisory Sentencing Guidelines range. *See Gall v. United States*, 128 S. Ct. 586, 596 (2007); *Rita v. United States*, 127 S. Ct. 2456, 2464-65 (2007); *Booker*, 543 U.S. at 245-46; *United States v. Plaza*, 471 F.3d 928, 930 (8th Cir. 2006). Next, the Court must decide if a traditional departure under the Guidelines is appropriate, thus creating an advisory Guidelines sentencing range. *Plaza*, 471 F.3d at 930. After calculating the advisory Guidelines range, the Court considers that range, along with all the factors listed in 18 U.S.C. § 3553(a), in arriving at the final sentence. *Kimbrough v. United States*, 128 S. Ct. 558, 564 (2007); *Plaza*, 471 F.3d at 930.

## III. <u>DISCUSSION</u>

### A. <u>Statutory and Guidelines Calculations</u>

The PSR calculates the defendant's base offense level at 38 and assesses a two-level enhancement pursuant to U.S.S.G. § 3C1.2 for the defendant having recklessly created a substantial risk of death or serious injury during flight from law enforcement. (PSR ¶¶ 24 & 28.) Utilizing an adjusted offense level of 40, the defendant's total offense level, after acceptance of responsibility, is 37. (PSR ¶ 33.) Based upon a total offense level of 37 and a criminal history category of VI, the PSR calculates the defendant's sentencing range at 360 months to life. (PSR ¶ 83.) The Government concurs with these calculations.

### B. Statutory Sentencing Factors

This Court must "impose a sentence sufficient, but not greater than necessary" to address the factors enumerated in 18 U.S.C. § 3553, including the Guidelines issued by the U.S. Sentencing Commission. These factors include:

1. *Nature and Circumstances of the Offense and History and Characteristics of the Defendant*

The defendant's criminal history is lengthy and dates back to when she was only 17 years old. Since that time, she has amassed felony convictions for possession of a controlled substance (four), theft, trafficking in drugs, and DWI – death of two or more. (PSR ¶¶ 41, 44, 45, 50, 53, & 54.) In addition, the conduct surrounding her offense of conviction is both significant and concerning. For approximately one year, the defendant distributed one-half pound of methamphetamine per day to others in her community. (PSR ¶ 19.) Following her involvement in the instant offense, the defendant drove a vehicle high on methamphetamine and Klonopin, killing two individuals after running a stop sign. (PSR ¶ 54.) In the short period of time the defendant has incarcerated in the Missouri Department of Corrections (less than one year), she has incurred numerous violations for transfer of property between offenders, actions that threaten custody, and abusive obscene language or gestures. (PSR ¶ 50.)

2. *Need to Promote Respect for the Law, Provide Just Punishment for the Offense, Afford Adequate Deterrence to Criminal Conduct, and Protect the Public from Further Crimes of the Defendant*

The defendant has been provided with numerous opportunities for drug treatment over the past 15 years – drug treatment that, if successful, could have prevented not only the death of two innocent civilians, but also her participation in the instant offense. While there is no "victim" in the literal sense when it comes to a drug conspiracy, the true victims in this case are the members of the community in which the defendant lived. The effects of the methamphetamine the defendant

distributed during this conspiracy will outlast any prison sentence she receives, regardless of its severity. Methamphetamine indisputably destroys lives, families, and communities. According to the National Institute on Drug Abuse, it is also the drug that most contributes to violent crime in our communities across the country. https://www.drugabuse.gov/publications/research-reports/methamphetamine/overview. The Government believes a significant sentence is necessary to promote respect for the law, provide just punishment for the offense, afford adequate deterrence to criminal conduct, and to protect the public from further crimes of the defendant. The Government is asking for a sentence of 120 months in this case, and is further asking that this sentence run consecutive to her undischarged term of imprisonment in Jasper County case number 17AP-CR01152-01 – an unrelated drug incident that occurred prior to her commission of the instant offense.

3. *Need to Provide the Defendant with Education, Vocational Training, or Other Correctional Treatment*

The defendant may benefit from vocational training and other educational opportunities or treatment programs offered by the United States Bureau of Prisons. The Government would not object to such placement.

## IV. CONCLUSION

Section 3553 requires this Court to impose a sentence that considers a variety of factors, including the advisory Guidelines range. The Government respectfully requests that the defendant's behavior and history, the need to promote respect for the law, the need to protect the public from the defendant, and any other statutory sentencing factors be considered in reaching an appropriate sentence. The Government respectfully recommends that this Court impose a sentence

of 120 months, consecutive to the sentence imposed in Jasper County Circuit Court case number 17AP-CR01152-01, which is sufficient, but not greater than necessary, to address the factors in Section 3553.

Respectfully submitted,

TERESA A. MOORE
United States Attorney

By: */s/ Jessica R. Eatmon*
Jessica R. Eatmon
Missouri Bar #69322
Assistant United States Attorney
Western District of Missouri
901 St. Louis Street, Suite 500
Springfield, Missouri 65806
(417) 831-4406

**CERTIFICATE OF SERVICE**

I hereby certify that on this the 5th day of June 2023, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which sent e-mail notification of such filing to all CM/ECF participants in this case.

*/s/ Jessica R. Eatmon*
Jessica R. Eatmon
Assistant United States Attorney