IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHWESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 21-05003-04-CR-SW-MDH |
| RITA M. GLASGOW, | ) ) ) |
| Defendant. | ) |

**DEFENDANT'S SENTENCING MEMORANDUM AND SUGGESTIONS IN SUPPORT OF A JOINT RECOMMENDATION TO 120 MONTH SENTENCE**

**COMES NOW**, Defendant, Ms. Rita Glasgow, by and through her attorney, Abram McGull, and respectfully suggests to this Honorable Court that the Defendant should be sentenced to the jointly agreed sentence of 120 months to run concurrent to her sentence in case number 21AO-CR00021-01 in Jasper County, Missouri. In support of said sentence, the Defendant respectfully requests that this Honorable Court follow the jointly agreed upon terms of the plea agreement for the following reasons:

1. On or about January 19, 2021, the Defendant was indicted along with three other defendants with, inter alia, conspiracy to distribute 50 grams or more of methamphetamine (actual) (D.E. 135 pg. 3, para. 1)[1].

2. On or about November 15, 2022, the undersigned attorney was appointed to represent Ms. Glasgow (D.E. 106).

3. After considerable negotiations with the United States Attorney Office in the Western District of Missouri, the undersigned, and the Defendant reached an agreement that

---
[1] "D.E." denotes docket entry for criminal case 21-5003-04-CR-SW-MDH.

1

induced the Defendant to plead guilty to count 1 of the Indictment and the Government agreed to dismiss certain counts in the Indictment (namely, counts 3 and 6 of the Indictment and the forfeiture count) (Presentence Investigation Report (PSR) pg. 3, para. 2). Pursuant to this plea agreement, "[t]he parties agree to jointly recommend a sentence of 120 months. The parties further agree to recommend that the defendant's sentence run concurrently with her sentence in Jasper County, Missouri Case Number 21AO-CR00021-01. These agreements are not binding on the Court or the United States Probation Office" (PSR, pg. 3, para. 2) (See also, D.E. 128 pg. 8, para. 10(g).

4. On March 9, 2023, this Honorable Court entered an order of Acceptance of Plea of Guilty and Adjudication of Guilt (PSR, pg. 3, para. 3).

5. On June 5, 2023, the United States Attorney Office filed a sentencing memorandum requesting this Honorable Court to stray from the recommendation of the plea agreement. The Government sentencing recommendation violates the spirit and intent of the plea agreement that is contrary to the United States Justice Manual guidelines and controlling case law.

6. In the Government's Sentencing Memorandum, the Government requested that the Defendant's sentence run "consecutive to the sentence imposed in Jasper County Circuit Court case number 17AP-CR01152-01". (D.E. 139, pg. 1).

7. The *Unites States Justice Manual* (formerly, United States Attorney Manual) (hereinafter, J.M.) provides "4. Recommendations Required by Plea Agreements. . . If the prosecutor has entered into a plea agreement calling for the government to take a certain position with respect to the sentence to be imposed, and the defendant has entered a guilty plea in accordance with the terms of the agreement, **the prosecutor**

**must perform his/her part of the bargain or risk having the plea invalidated**. *Machibroda v. United States*, 368 U.S. 487, 493 (1962); *Santobello v. United States*, 404 U.S. 257, 262 (1971)." J.M. 9-27-730 Cmt. 4) (emphasis added).

8. Because a defendant is foregoing constitutional guarantees when entering into a plea agreement with the government, it is essential that "fairness" on the part of the prosecutor is presupposed. *See Santobello,* 404 U.S. at 261. Because the agreement is premised upon a "fundamental fairness" so as to ensure that a defendant does not forego precious constitutional rights in vain, it has been found that: "[t]he Government's failure to argue the terms of [the plea agreement] to the district court at the sentencing hearing constituted a breach of the plea agreement. And because violations of the plea agreements on the part of the government serve not only to violate the constitutional rights of the defendant, but directly involve the honor of the government, public confidence in the fair administration of justice, and the effective administration of justice in a federal scheme of government, we hold that the Government's breach constituted plain error." *United States v. Barnes,* 278 F.3d 644, 648 (6th Cir. 2002) (citing, *United States v. McQueen,* 108 F.3d 64, 66 (6th Cir. 1997).[2]

---

[2] "When the government breaches a plea agreement, `the defendant is typically given the option of withdrawing his guilty plea or demanding specific performance.'" E.V., 500 F.3d at 754 (quoting *United States v. Goings*, 200 F.3d 539, 544 (8th Cir. 2000), with internal citations omitted). Indeed, most courts, including the Eighth Circuit Court of Appeals, have usually treated withdrawal of the defendant's guilty plea or specific performance of the breached provision of the agreement as the only available options. See, e.g., *Goings*, 200 F.3d at 544 ("Where it is clear that the government violated the terms of a plea bargain, the defendant is typically given the option of withdrawing his guilty plea or demanding specific performance."); *United States v. Mitchell*, 136 F.3d 1192, 1194 (8th Cir. 1998) (noting that the remedies for breach of plea agreement are specific performance or permission to withdraw plea), cert. denied, 534 U.S. 856 (2001); *United States v. Van Thournout*, 100 F.3d 590, 594 (8th Cir. 1996) ("`There are two potential remedies for the government's breach of a plea agreement: remand for specific performance and withdrawal of the guilty plea.'") (quoting *Margalli-Olvera*, cited infra); *Margalli-Olvera v. I.N.S.*, 43 F.3d 345, 354-55 (8th Cir. 1994) ("There are two potential remedies for the government's breach of a plea agreement: remand for specific performance and withdrawal of the guilty plea."); *accord United States v. Cudjoe*, 534 F.3d 1349, 1356-57 n. 4 (10th Cir. 2008); *United States v. Griffin*, 510 F.3d 354, 367 (2d Cir. 2007); United States v. Rivera, 357 F.3d 290, 297 (3d Cir. 2004) ("`When the government breaches a plea agreement, the general

9. This spontaneous and recent sentencing request by the Government goes beyond what the parties intended and agreed upon and appears to violate the spirit and intent of the parties. It also provides a suggestive taint upon this Honorable Court's authority that runs counter to the Government's Justice Manual, federal case law and public policy.

**WHEREFORE**, for the reasons stated herein and to be otherwise considered, Counsel for the Defendant respectfully requests that Ms. Rita Glasgow be sentenced to 120 months as jointly agreed in the plea agreement and that the defendant's sentence run concurrent to her sentence in Jasper County, Missouri, Case Number 21AO-CR00021-01 in order to remove the prohibited taint created by the Government's recommendation that seems to violate the spirit and intent of the plea agreement.

Respectfully submitted,

*/s/Abram "Abe" McGull*
Abram McGull
Missouri Bar 40553
Attorney for Defendant
1736 East Sunshine Street
Suite 600
Springfield, MO 65804
Telephone: (417) 444-6557
Facsimile: (417) 429-4102

---

rule is to remand the case to the district court for a determination whether to grant specific performance or to allow withdrawal of the plea.'") (quoting *United States v. Nolan-Cooper*, 155 F.3d 221, 241 (3d Cir. 1998)); *United States v. Skidmore*, 998 F.2d 372, 375 (6th Cir. 1993) (if the prosecution breaches a plea agreement, the breach may be remedied by requiring specific performance or permitting the defendant to withdraw the plea); *United States v. Jefferies*, 908 F.2d 1520, 1527 (11th Cir. 1990) (in the event of a breach of a plea agreement by the prosecution, there are two available remedies: "[t]he court can order specific performance of the agreement or afford the defendant the opportunity to withdraw the plea."). These are, after all, the two remedies expressly discussed by the Supreme Court in *Santobello*, 404 U.S. at 262-63. Of the two, the Eighth Circuit Court of Appeals has suggested that specific performance is the preferred remedy. *Goings*, 200 F.3d at 544; *Van Thournout,* 100 F.3d at 594; *Margalli-Olvera*, 43 F.3d at 354-55; accord *Cudjoe*, 534 F.3d at 1357 n. 4 (finding that resentencing pursuant to the terms of the plea agreement is the preferred remedy and suggesting that withdrawal of the guilty plea should only be allowed when the breach is "`particularly egregious or intentional'") (quoting *United States v. Brye*, 146 F.3d 1207, 1213 (10th Cir. 1998)).

## **CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent notification of such filing to Assistant United States Attorney and all other CM/ECF participants in this case.

*/s/ Abram "Abe" McGull*
Abram McGull